Good morning, and may it please the Court, I'd like to reserve two minutes for rebuttal. My name is Mark Rosen, I represent the plaintiffs and appellants. The District Court in this case substituted a no-negligence rule in place of excusable negligence under Rule 60B. That was error. The Court also applied a misguided view of the law applying the Kyle line of cases instead of the Pinkay v. Andrews line of cases. The Court put the plaintiff's attorney at the time through a test of whether he committed any negligence in reading or misreading the email sent out by the District Court, and the judge weighed that strictly on that. Although the judge in his decision gave lip service to the four criteria from the Pioneer case, the Court only addressed the one criteria of excusable negligence, the third criteria, and then only tested it as to whether the attorney had made any error at all in reading the minute orders. I just, I, you called them emails, but they are docket entries. I mean, this isn't like correspondence between the Court and the parties that you might overlook. These were docket entries, right? Yes, they were docket entries. I mean, I've seen people miss a lot worse than two days of filing something late and actually kind of call on two weeks after it was due saying, I need another week to get it in. But this wasn't just, he overlooked an email. There was a docket entry with an order that said, you have to file this in 30 days. Right. Well, he was in court on April 21st when Judge Selma, the District Court judge, issued his ruling and gave 30 days to amend. He then got a docket entry two days later that made reference to clerical error, and he misread that into believing he was given two additional days to file his second amended complaint. And that was error. But under the criteria of 60B, given the two days gap and given the other three criteria, there is no prejudice to the other side. The length of the delay was only two days, and the reason for delay, and whether he acted in good faith, and I don't think it's challenged that he acted in good faith, adding all that together, that's excusable neglect under the line of cases that starts with the Pioneer case from the Supreme Court through the on-bank decision in the Pincay v. Andrews case up to the Ahanchian case, which puts more flesh on the bone as to what constitutes excusable neglect under a late filing case. In the Ahanchian case, the court reversed the District Court, which had denied the motion where there was a three-day delay. In this case, it's a two-day delay. The... It came as a case where we affirmed the District Court exercise of discretion. In that case, the District Court has found excusable neglect, and... Well, that's the question that Your Honor raised in your dissent in the Pincay case, I believe, in footnote number four, where Your Honor said... It's always in footnote four. You're allowing a footnote four. I'll call it the last footnote, where Your Honor said, you run the risk under always affirming the discretion or looking at the discretion of the court that you're going to get a different result with every District Court judge. And I thought the Ahanchian case put flesh on the bone and said, we construe 60B liberally with an eye toward trying cases on the merits, and if there is good faith, all the criteria are met, and it's a short delay, and there may be neglect, but it would be... If it's a... No prejudice. Pardon? No prejudice. No prejudice. And the mistake is carelessness in calendaring. I think those are the words that are used in the Ahanchian case. That would be excusable neglect, and a 60B motion would be granted. And I think District Court cases that I cited in my brief since Ahanchian have basically taken that policy line to construe 60B liberally. Now, the appeal is from the denial of the 60B motion, and also if the court were to deny that aspect of it, it's an appeal from the grant of the 12B6 motion for the First Amendment complaint. But that would put this court in the position of determining the validity of the First Amendment complaint after the trial judge had already granted leave to amend, and after a Second Amendment complaint had already been filed, filed late, but it is in the record. And on the Second Amendment complaint, which is basically the opposite of the First Amendment complaint in that the First Amendment complaint was very brief. The Second Amendment complaint goes on for 30-plus pages and fills in a lot of the gaps that the District Court found in the First Amendment complaint. The Second Amendment complaint has not been ruled on by the District Court. There was not a 12B6 motion filed against the Second Amendment complaint. There's been no adjudication on it at all because it was never considered. Are you going to defend the First Amendment complaint? Well, I did that in the brief. I realize you did it in the brief. I'm just wondering whether you're going to, since you're getting down to a few minutes and you want to save two minutes for rebuttal. Right. Do you want to defend the First Amendment? I'm confused on this. No. Do you want to defend or do you want to file your Second Amendment complaint? My preference would be to file the Second Amendment complaint. You filed, but you filed two days late. Right. Okay. Because the Second Amendment complaint runs some 34 pages. The First Amendment complaint was nine pages. There are a lot of... If you win on the First Amendment complaint, you can always amend it, and you're still in the game. Right. Well, my real preference would be to file a Third Amendment complaint. There are some problems with the Second Amendment complaint. As I referred in a footnote, the Second Amendment complaint actually, although they're filed MD and JD, there's a point in the Second Amendment complaint where the client is referred to by name. I'd like to take that out. I'd like to take out some of the confusing parts. But I think... So the First Amendment complaint, I think, stands on its own. I would much prefer to proceed on the Second Amendment complaint. I'm a little confused. Okay. If we say that Judge Selna abuses discretion because he did not remotely reference the four factors that he's supposed to consider under Pioneer and Pinkay, even though I didn't agree with it either, and Unchanchian, which I wrote, then what happens procedurally? Do you have to ask for leave to file your third? No. My preference would be... Not your preference. Okay. What's the state of the game? Okay. This court would either say, we're remanding to the judge to reconsider the motion under 60B, or this court can say, as it did in Unchanchian, the court abused its discretion. It should have granted the 60B motion and take the Second Amendment complaint as the pleading in the case. So that would be the result. You'd have to take the second one. Right. Then you're in the position where if you went back, you'd have to say, Your Honor, I'd like to substitute a different complaint for the Second Amendment. I would have that option. Well, I mean, you'd have to ask permission, right? Right. I'd have to ask Judge Selma for permission to file a Third Amendment complaint. I'd like to reserve the balance of my time, if I could. Okay. Thank you. Good morning, Your Honors. May it please the Court. My name is Courtney Hilton. On behalf of Newport Mesa Unified School District, Jeffrey Hubbard, Susan Astorita, Kurt Sirr, Carrie Oda, Jackie Golitski, defendants, appellees, and cross-appellants. Your Honors, the Court did address the pioneer factors in ruling on the motion for relief. The Court identified and stated and laid out what the factors were. The fact that the Court did not specifically address each factor in going through its analysis. The Court mentioned the factors. Correct. But, except for the delay, did not really apply them. It didn't explain how any of the remaining three factors applied in the facts of this case. You are correct, Your Honor. And although . . . So, what do we do with that? Although it is preferred that the District Court lay out all the factors, the motion . . . Particularly when we're talking about only two days, which is the only thing really cutting against the filing is two days. It's not two weeks or two years. It's two days. And if . . . I have some hard time understanding where that kind of delay would ever be excusable if it's not in a case like this, because it's only two days. Well, Your Honor, I would respectfully disagree that it was only two days. It was two days late that it was filed, but it was three weeks before they moved for relief under that. So, by the time . . . I'm sorry. I'm not understanding. The second amended complaint was due to be filed on March 21st. On March 22nd, the following day, we filed a proposed judgment. On the 23rd, the second amended complaint was filed. It was actually filed . . . But you filed a proposed judgment dismissing the case? We did. The day after? The day after. Because it was our understanding or interpretation that they were standing on the first amended. And then, they filed the second amended complaint the day after you filed the proposed judgment dismissing the case? Correct. Correct. And then, a week later, Judge Selma dismissed the case. And specifically in his order, he looked at our judgment and he almost verbatim used our judgment with the exception of one phrase that said the complaint not filed timely. So, Judge Selma took into consideration the fact that the complaint had been filed and it was untimely. It was two weeks after . . . You know, counsel, I find it really hard to believe we're sitting here talking about this two years later. Really. I mean, if you read Unchangian, I mean, I have a whole section there about courtesy and you jumped on this one day late. And I don't even think . . . I mean, I wouldn't even consider it delay. I think Judge Selma concentrated on neglect. That's what he was . . . He found . . . Clearly found neglect. He clearly found counsel made . . . He was neglectful. That he should have been on top of this and he should have realized that March 21 was the day and not March 23. But here we are two years later, almost to the day. It is to the day. Two years later. August 5, 2016. And we're talking about this. This case should have been resolved by now. It's just ridiculous conduct, I think, on your part too. I really do believe that. And I think you should go back and read all of that last case I mentioned, which is that kind of hard tactic, hardball litigation. And I . . . Knowing Judge Selma, I actually worked for him at O'Melveny Meyers. I'm really surprised that he even did this. And, Your Honor, and I have read Hanchian and I am familiar with . . . It's hard to pronounce. Did I get it right or . . . I don't know. I have read it and I am understanding of your criticism of us for moving forward. I think this would have been . . . Back to the pioneer factors and then I'll jump back. The pioneer factors, it's a weighing. It's four factors that weigh. Just because Judge Selma weighed one of the four factors higher or gave it more weight than the other four does not mean he didn't consider them. And the . . . But I'm not even sure I understand that part of it. If two days is not excusable. It's one thing for them to say, you know, I was out of town on a family holiday or maybe you might say two days is not excusable if I was on a drunk binge, you know, something like that. But this seems like a mistake. This seems like the kind of mistake that would happen to a busy lawyer or just about anybody. It could be you. I realize you think it will never happen to you, but it might. It could. And if that is not excusable and, you know, we're not even sort of looking at the rest of the factors, if two-day delay based on a mistaken reading of a docket entry is not excusable, then I'm not sure what is. And . . . Then we're really just looking at neglect. We're just saying neglect is enough. Your Honor, I would agree with you that two days can be neglect. The issue, the concern that . . . No, you are agreeing with me by saying something else than what I said. I did not say that it may be excusable. I was saying it must be excusable. That two days, again, in the absence of, you know, something showing the guy went fishing or, you know, that just a mistake that resulted in a two-day delay sounds to me like per se excusable. Now, do you agree with that? I do not agree with that. Okay, so don't fool me or don't try to fool me by saying, oh, I agree with you and then agree with something else. So tell me why you disagree with me. I disagree with it because of the totality of the circumstances in this case. Mr. Tong stood before . . . What is the totality? The totality is looking at all the factors and considering . . . I know what totality means. Totality means looking at all the factors. So you can skip that part. So why don't you just launch into immediately what the factors are. What are the things weighing against them other than the mistake resulting in a two-day delay? Mr. Tong, prior counsel, got in front of the court and said, I did not make a mistake. It was not an error on my part. He attempted to blame the court. He attempted to blame defense counsel for his failure to file the document. And that, I believe, is where . . . Had Mr. Tong gotten in front of the court and begged for mercy and said . . . Let's just . . . Why does he have to beg for mercy? Okay. Were you prejudiced? Yes. We had a judgment entered. Well, were you prejudiced in a real way? I mean, yeah, you won. Okay. But another gotcha case. Yeah. So now you have to litigate the case. How is that prejudiced? Prejudiced implies there's been a loss of evidence, a loss of witnesses, that there's been undue delay in your ability to prepare defenses. I mean, what's the prejudice of two days? And again, Your Honor, I . . . You drafted the gotcha. I believe that the prejudice is a three-week delay because the judgment had already been entered at that point. No. The prejudice was that he submitted his brief two days after the due date. It's not a statute of limitations issue. The guy miscalendared it. He messed up, and he didn't crawl to the court and beg forgiveness, and so the judge got mad and said, fine, we're dismissing this case. There's no prejudice to your party here other than the fact that there's still a defendant in a case. I think you probably prejudiced your case more by having this appeal go on being two years later now. Certainly prejudiced the plaintiff's case. It certainly caused yourself a lot of personal embarrassment because you know this is on YouTube, and you . . . Yes, it is on YouTube. You will be seen by dozens, maybe hundreds . . . I'm sure. I'm sure, Your Honor. Possibly thousands of other lawyers who will say, ha-ha, boy, that's a sharp lawyer, committed sharp practice, and she was called on the carpet by the judges for it. Now, you didn't imagine this would happen to you, right? I was hoping it wouldn't, Your Honor. Well, you see, this is one of the reasons we have live video in the Ninth Circuit. We're all transparent. So some victories are not worth having because what lies at the end of them is worse than a defeat. I understand that. And, Your Honor, may I use my last remaining minutes to discuss the statute of limitations issue that Judge Salma did not agree with us in the trial court? Okay. Our position is that the First Amendment complaint did not relate back to the original complaint in light of all of the content and the lack of specificity in the original complaint. Do we really need to rule on that? I mean, wouldn't that be something that would go back . . . you know, because the Second Amendment complaint would be there, and it would still . . . it's filed. And we would say it gets relief from your judgment because of the 60B. But the state of the status quo is that the Second Amendment complaint is there. So why do we talk about the First Amendment complaint? I'm sorry. I may have misspoken. I was referencing the First Amendment complaint relating back to the original complaint. I'm saying why is that issue in front of us right now? Because that was a ruling specifically made by Judge Salma that the statute of limitations defense did not apply and that the complaint related back. Well, I would think that would be something you'd take up with Judge Salma. When you're back there, happily. I will happily take it up with Judge Salma when I'm back there, Your Honor. Very good. Thank you. Okay. You had a little extra time, but you probably don't want to use it. I've seen cases lost on rebuttal. I was going to quote from the opinion that Your Honor cited to counsel. It's okay. We know it. Yeah. We know what it said. Good choice. Cases are used handsomely. And you know, you're in the building here. Why don't you settle the case? Instead of going back to Judge Salma and having to... I think this is a good case. Why don't you guys settle? Okay. By the way, that advice goes for everybody. It goes for everybody, particularly in this case.
judges: Kozinski, Wardlaw, Bencivengo